**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*
*GARRICK DICUS*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARRICK DICUS,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY MACK PATTERSON; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-02796-APG-MDC<br><br>Chief Judge: Anthony P. Gordon<br>Magistrate Judge: Maximiliano D. Couvillier<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**Special Scheduling Review** |

**COME NOW** the Plaintiff GARRICK DICUS, by and through his counsel of record, RAMZY LADAH, ESQ. and BRANDON P. SMITH, ESQ. with the LADAH LAW FIRM, and Defendant JERRY MACK PATTERSON, by and through his counsel of record, MICHAEL AYERS, ESQ. and SYDNEY HIBBS, ESQ. of GORDON REES SCULLY MANSUKHANI, LLP, and hereby submit the proposed stipulated Discovery Plan and Scheduling Order Pursuant to LR 26-1(d).

**A. The 26(f) Conference:**

On **September 15, 2026**, Brandon P. Smith, Esq., appearing on behalf of Plaintiff and Sydney Hibbs, Esq., appearing on behalf of Defendant, met and conferred as required by LR 26-1. There were no discovery disputes at the time of the conference.

LADAH LAW FIRM

**Pre-Discovery Disclosures:**

Pursuant to FRCP Rule 26(a)(1)(C), the parties believe fourteen (14) days are required to make their initial disclosures. Accordingly, Plaintiff and Defendant have made their pre-discovery disclosures, including but not limited to any Computation(s) of Damages of past and future medical expenses required pursuant to FRCP 26(a)(i)(A)(iii). Plaintiff and Defendant made their pre-discovery disclosures on October 2, 2026, and October 8, 2026, respectively.

**Areas of Discovery**:

The parties agree that the areas of discovery should include, but not be limited to: liability, causation, damages, and all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**The Proposed Discovery Plan:**

Based on the foregoing, the parties submit the following discovery scheduling order:

(1) **<u>Discovery Cut Off Date</u>**: Out of abundance of caution and due to Counsels' trial schedule, and the need to obtain medical records for ongoing treatment in this case (which routinely takes about 60 days) the parties anticipate there will be difficulties with completing discovery within the 180 days. As a result, and to limit Court intervention, the parties request 240 days from the date of the Rule 26(f) conference of September 15, 2026 to complete discovery. Therefore, all discovery must be completed no later than **MAY 13, 2027.**

(2) **<u>Amending the Pleadings and Adding Parties</u>**: The last date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the close of discovery. In this action the last date for filing motions to amend the pleadings or add parties shall be **FEBRUARY 12, 2027**.

LADAH LAW FIRM

(3) **Fed. R. Civ. P. 26(a)(2)Disclosures (Experts):** The last date for disclosure of expert witnesses shall be 60 days before discovery cut-off date. In this action, the last date for disclosure of experts shall be **MARCH 15, 2027**. Disclosure respecting rebuttal experts shall be made 30 days after the initial disclosures of experts, or by **APRIL 14, 2027.**

(4) **Dispositive Motions:** The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date for filing dispositive motions will be **JUNE 14, 2027**.

(5) **Pretrial Order:** The Joint Pretrial Order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the Joint Pretrial Order shall be filed on or before **JULY 14, 2027**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision of the dispositive motions or further order of the Court.

(6) **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Pretrial Order.

(7) **Stipulations Regarding Limitations or Conditions or Additional Discovery:**

A. Timing: The timing for discovery shall be as permitted under the Federal Rules of Civil Procedure and the Local Court Rules except as otherwise stated herein. Initial Disclosures by the Parties have been served.

B. Subjects of Discovery: Within the parameters of the claims set forth in the pleadings on file, discovery is not deemed to be limited in scope at this time.

. . .

. . .

C. Electronic Discovery and Electronic Service: The parties have agreed that electronic discovery should be produced in electronic format searchable by all parties. The Parties also agree to electronic service of all discovery and agree that the following parties must be copied for service to be considered effectuated:

mayers@grsm.com
brandon@ladahlaw.com
shibbs@grsm.com
joanee@ladahlaw.com

D. Privileged Information: The parties agree that should any privileged, proprietary or confidential information become the subject of disclosure in this matter the parties will attempt to enter into a stipulated protective order concerning disclosure and use of that information solely as necessary to the proof issues within the context of this litigation. The parties agree that should any privileged, proprietary or confidential information be inadvertently disclosed, the inadvertent disclosure does not operate as a waiver of privilege or confidentiality, and the inadvertently disclosing party shall be entitled to prompt return or destruction of inadvertently disclosed and privileged information in accordance with FED. R. Civ. P. 502, and/or to its protection in accordance with any protective order entered in this matter.

E. Changes or Limitations: The parties will proceed to engage in discovery as permitted under the federal Rules of Civil Procedure and the Local Court Rules, including Depositions, Interrogatories, Requests for Production of Documents and Requests for Admissions, with no anticipated changes or limitations identified at this time.

F. Other Orders Under 26(c) or 16(b) or (c): None at this time.

(8) **Alternative Dispute Resolutions**: Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution, including

mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Counsel further agrees that a settlement conference or private mediation will be beneficial after discovery is concluded. Finally, the parties and their counsel are not interested in submitting this case to arbitration, at this time.

(9) **Alternative Forms Of Case Disposition**: The parties considered consent to trial by magistrate judge under 28 U.S.C. § 626(c) and FRCP 73 and the use of the Short Trial Program, and at this time do not consent to trial by magistrate or the short trial program.

(10) **Electronic Evidence**. The parties certified they discussed whether they intend to present evidence in electronic format to jurors, and the parties determined at this time there would not be any. If the parties revisit the presentation of any electronically stored information, they will file the appropriate stipulation with the Court.

(11) **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Applications to extend any date set by the discovery plan/scheduling order shall be received by the Court on or before twenty-one (21) days before the expiration of the subject deadline and must fully comply with Local Rule 26-4 by including the following: A statement specifying the discovery completed by the parties as of the date of the motion or stipulation; specific description of the discovery, which remains to be completed; the reasons why remaining discovery was not completed within the time limits of the existing discovery deadline; and proposed schedule for the completion of all

. . .

. . .

LADAH LAW FIRM

LADAH LAW FIRM

remaining discovery.

DATED this 19th day of October 2026.

**LADAH LAW FIRM**

*/s/ Brandon P. Smith, Esq.*

RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
BRANDON P. SMITH, ESQ.
Nevada Bar No. 10443
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*
*GARRICK DICUS*

DATED this 19th day October 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/Sydney Hibbs, Esq.*

MICHAEL AYERS, ESQ.
Nevada Bar No. 10851
SYDNEY HIBBS, ESQ.
Nevada Bar No. 16887
1 East Liberty Street, Ste. 424
Reno, NV 89501
*Attorneys for Defendant*
*JERRY MACK PATTERSON*

**IT IS SO ORDERED.**

DATED this 26th day of October 2026.

The foregoing Stipulated Discovery Plan and Scheduling Order is **GRANTED**. Future stipulations or unopposed motions must please include more substantive matter in the page that includes the judicial signature block.

**Hon. Maximiliano D. Couvillier, III**
**UNITED STATES MAGISTRATE JUDGE**